UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CATHERINE RIVERA,

        Plaintiff,

   -against-

VITAMIN SHOPPE, et al.,

        Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**

12 CV 2094 (ENV) (LB)

VITALIANO, United States District Judge:

    On April 25, 2012, plaintiff Catherine Rivera filed this *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2002-17 ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA"), alleging discrimination by her former employer.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, plaintiff is granted 30 days leave to file an amended complaint.

## BACKGROUND

    Plaintiff alleges her former employer, the Vitamin Shoppe, discriminated against her based on a disability in violation of Title VII and the ADA. Plaintiff does not identify her disability or provide any details about her claim, other than checking boxes indicating the alleged discrimination included terminating her employment, failing to promote her, failing to accommodate her disability, retaliating against her, and subjecting her to unequal employment terms and conditions. Moreover, and somewhat inconsistently, plaintiff indicates the alleged discrimination (1) occurred from 2009 until 2011 and (2) is ongoing.

    According to the complaint, plaintiff filed (1) a charge regarding the alleged discrimination with

---

[1] An attorney filed a notice of appearance on behalf of plaintiff on June 19, 2012 but has made no other filings.

either the New York State Division of Human Rights or the New York City Commission on Human Rights on August 11, 2011 and (2) a charge with the United States Equal Employment Opportunity Commission ("EEOC") on an unspecified date in 2011. Plaintiff has not provided copies of her communications with any of the agencies, but alleges that she received a letter from the EEOC in February 2012 stating her case had been sent to an investigator. Finally, plaintiff alleges she has not received a right to sue letter.

## DISCUSSION

"Under Title VII . . . , a plaintiff can sue in federal court only after filing timely charges with the EEOC." McPherson v. New York City Dept. of Educ., 457 F.3d 211, 213 (2d Cir. 2006). In New York, "the statute of limitations for filing a charge of discrimination with the EEOC is 300 days after the alleged occurrence of an unlawful employment practice." Robles v. Cox and Co., Inc., --- F.Supp.2d ----, 2012 WL 78379, at *7 (E.D.N.Y. Jan. 10, 2012). Moreover, before filing suit "the complainant must await dismissal of the administrative charge (or a failure to act):"

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ... the Commission has not filed a civil action under this section . . . , the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . . by the person claiming to be aggrieved . . . .

McPherson, 457 F.3d at 214 (quoting 42 U.S.C. § 2000e-5(f)(1)). Such notice from the EEOC is called a "right-to-sue" letter because the notification is a prerequisite to suit. Id. Once the complainant receives a right-to-sue letter, she typically may raise in federal court "only those claims that either were included in or are 'reasonably related to' the allegations contained in her EEOC charge." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83 (2d Cir. 2001) (quoting Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)).

If its recitation of litigation history is accurate, plaintiff's complaint appears premature. Although

plaintiff stated that she filed a charge with the EEOC, (1) whether the agency's investigation is complete is not clear and (2) plaintiff specifically stated the EEOC has not issued a right-to-sue letter. Nor does plaintiff indicate whether she has requested a right-to-sue letter from the EEOC. See 29 C.F.R. § 1601.28(a)(1); Mennella v. Office of Court Admin., 164 F.3d 618, 1998 WL 650812, at *1 (2d Cir. 1998).

Plaintiff is granted 30 days from the date this Order is entered on the docket to amend her complaint to clarify the status of her EEOC charge or to attach a copy of her right-to-sue letter, if it is now available. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order. All further proceedings, including the issuance of a summons, are stayed in the interim. Plaintiff must indicate the date on which she filed her charge with the EEOC and submit to the Court the February 2012 letter and any other communication that she has received from the EEOC. If she has requested a right-to-sue letter, she should indicate the date of her request. Further, the amended complaint must allege facts supporting claims of discrimination, not merely identifying adverse actions and conclusorily labeling them as resulting from discrimination. If plaintiff fails to file a timely amended complaint, this action shall be dismissed without further notice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
      June 21, 2012