UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CATHERINE RIVERA,

                    Plaintiff,                           **FIRST AMENDED COMPLAINT**

          -against-                                  12 CV 2094 (NGG) (LB)

THE VITAMIN SHOPPE, INC., TODD MONROE,
DANIEL LEBLANC, GREG BOSSERMAN,
JOHN AND JANE DOES 1-5,

                    Defendants.
-----------------------------------------------------------------x

       Plaintiff, CATHERINE RIVERA, by and through her attorney, Vikrant Pawar, Esq., respectfully alleges as follows:

## NATURE OF THE ACTION

       This is an action under 42 U.S.C. § 1981, 42 U.S.C. 2000e, et seq. ("Title VII") and American with Disabilities Act of 1990 ("ADA") to correct unlawful, retaliatory and hostile work environment employment practices on the basis of race, color and gender and to provide appropriate relief to plaintiff.

## JURISDICTION AND VENUE

    1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

    2.   This action is authorized and instituted pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. ("Title VII") and American with Disabilities Act of 1990 ("ADA").

    3.   The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Eastern District of New York.

## PRELIMINARY STATEMENT

4. Plaintiff, Catherine Rivera (hereinafter "Plaintiff") is of Hispanic descent of fair skin and started working for the Vitamin Shoppe, Inc. (hereinafter "Vitamin Shoppe") on or about December 4, 1999.

5. Defendant Vitamin Shoppe is a corporation duly organized under the law of the State of New Jersey and located in North Bergen, New Jersey.

6. Defendants Todd Monroe (hereinafter "Monroe") and Daniel LeBlanc (hereinafter "LeBlanc") are African-American and were employees of defendant Vitamin Shoppe at the time plaintiff's claims arose.

7. Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the American with Disabilities Act and Title VII of the Civil Rights Act of 1964 by Defendants and has received a "right to sue letter," and this complaint follows.

## FACTUAL BACKGROUND

8. Plaintiff started working for defendants on or about December 1999 and was eventually promoted to Assistant Manager in 2002 and further promoted to Store Manager in 2003 because of her capabilities and accomplishments. Plaintiff was wrongfully terminated on August 2011 after working for Vitamin Shoppe for nearly 12 years.

9. On or about 2006, Plaintiff requested and was granted leave under the Family Medical Leave Act ("FMLA").

10. Upon her return, Plaintiff was not given the same assignment and in fact demoted from her previous position in clear violation of the law.

11. After plaintiff filed a grievance with Martia Furst (Vice-President at the time), she was given the title of Assistant Manager even though she had been the Store Manager before her FMLA leave and there was an opening for a Store Manager.

12. This "accommodation" of plaintiff infuriated Store Manager Monroe and District Manager LeBlanc who both disliked plaintiff and preferred African-Americans employees over plaintiff for any open positions.

13. Starting in 2007, both Monroe and LeBlanc started to harass Plaintiff and commenced a pattern of behavior that created a retaliatory and hostile work environment for Plaintiff.

14. Plaintiff who was a Store Manager before she took her FMLA leave was now being forced to read books and manuals for nearly a year under the guise of "re-training" her to be a Store Manager. All the while, all defendants kept denying her promotions, while at the same time kept promoting lesser-qualified individuals who were African American.

15. Plaintiff, who at one time, was a Store Manager, was now relegated to manual labor of lifting and stocking shelves and doing menial tasks solely because Monroe and LeBlanc were retaliating against Plaintiff because she complained because she was subjected to unlawful, hostile, retaliatory and wrongful treatment. Plaintiff unsuccessfully petitioned defendants that the heavy manual work was bad for her health and that other individuals were more capable of doing the heavy lifting. However, defendants Monroe and LeBlanc ignored her pleas and failed to reasonably accommodate her needs.

16. On or about November 2010, while doing heavy lifting at the direction of Monroe, Plaintiff hurt her back and went to go see a medical doctor. Plaintiff discovered that she had two (2) herniated discs as a direct result of lifting heavy boxes. (Plaintiff is a petite

3

woman and there were other able-bodied men who could have performed the heavy lifting). Even after plaintiff complained about her working conditions, Monroe and LeBlanc did nothing to accommodate her.

17. Regrettably, plaintiff requested and was granted another leave under FMLA to tend to her injuries and this infuriated Monroe and LeBlanc.

18. During this time, a temporary employee Ms. Meekeda Dove who is also African American was promoted to a permanent position and was given Plaintiff's position of Assistant Manager, even though Ms. Dove was not as qualified as plaintiff.

19. When Plaintiff finally returned to work, Monroe and LeBlanc drastically reduced her hours from forty (40) to twenty (20) hours per week.

20. Plaintiff had been an excellent manager and wherever she was assigned as a Store Manager and the sales for defendant Vitamin Shoppe were always high.

21. Realizing her potential, Plaintiff requested to be transferred so that she could return to her original position as a Store Manager and work more hours. However, both Monroe and LeBlanc denied her request.

22. Eventually, plaintiff was transferred to another location and that location saw a dramatic increase in sales.

23. Despite being moved to a different location, Monroe and LeBlanc's animosity towards Plaintiff continued.

24. LeBlanc would visit Plaintiff's store location and target her over minor details. He would needle and question her over minuscule details and when she was unable to quickly respond to his questions, he would yell, scream and bang his foot on the floor. LeBlanc would come into the store at least twice a week and only target Plaintiff and created a hostile work

environment and essentially make her feel uncomfortable.

25. LeBlanc would get angry if Plaintiff took a short break even though she was working full-time and while not being a medical professional, he would unlawfully discuss with Plaintiff's co-workers about Plaintiff's health and whether Plaintiff "was in the right state of mind."

24. In early August 2011, Defendants wrongfully accused Plaintiff and held her responsible for missing funds at the end of one night during her shift.  This accusation led defendant Bosserman to interrogate Plaintiff for hours in the hopes that she would confess to something that she did not do.  On the contrary, her white co-worker, Mr. Daniel Cohen was interrogated for a mere few minutes before he was released.

25. On August 11, 2011, Plaintiff was terminated on trumped up charges of misconduct.

26. To this date, plaintiff remains unemployed because upon information and belief, defendants continue to disparage her and tell prospective future employers that she was fired for "misconduct."

## AS AND FOR THE FIRST CAUSE OF ACTION
(42 U.S.C. Section 1981)

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

28. Plaintiff was deprived of her rights as secured under the Constitution based on her race and color and suffered adverse employment conditions.

29. As a result of defendants' individual and collective conduct, plaintiff was injured.

## AS AND FOR THE SECOND CAUSE OF ACTION
(Title VII)

30. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

31. Defendants failed to investigate her complaints of discrimination and as a result unlawfully and intentionally discriminated against Plaintiff on the basis of her gender, race, color and disability and retaliated against her for complaining about discrimination.

32. Defendants maintained a system for making decisions about hiring, training, job assignment, reasonable accommodations, promotions, compensation, and other employment decisions that was excessively subjective and through which it intentionally discriminated against plaintiff. This subjective decision making system also allowed conscious bias, unconscious bias, and discriminatory stereotypes to taint employment decisions, and had a disparate impact on minority and female employees.

33. As a result of defendants' individual and collective actions, plaintiff's right were violated and she suffered injuries.

## AS AND FOR THE THIRD CAUSE OF ACTION
(Retaliation)

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

35. Defendants retaliated against plaintiff after she voiced her concerns about discriminatory practices as outlined in this complaint.

36. Defendants further retaliated against plaintiff because she requested leave under FMLA and her disability and because of her race and color.

37. As a result of defendants' collective and individual retaliation, plaintiff suffered injuries.

## AS AND FOR THE FOURTH CAUSE OF ACTION
(ADA)

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

39. Plaintiff suffered from a disability and was disabled as defined in the ADA.

However, defendants refused to accommodate her disabilities and instead punished her for seeking reasonable accommodation.

40. In addition, defendants exacerbated plaintiff's condition by making her do tasks that were manual in nature and required physical strength.

41. As a result of defendants' individual and collective conduct, plaintiff suffered injuries.

## AS AND FOR THE FIFTH CAUSE OF ACTION
(NYS and NYC Human Rights Claims)

42. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

43. Defendants' conduct as outlined herein violated plaintiff's claims under NYS and NYC's Human Rights Law.

44. As a result of defendants' individual and collective conduct, plaintiff suffered injuries.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Compensatory and punitive damages as determined by a jury;

B. Her employment back;

C. Enjoin defendants from giving plaintiff a bad references;

D. Attorney and statutory fees and costs; and

E. Any other relief that the Court may deem just and appropriate.

Dated: August 2, 2012
New York, New York 10007

Respectfully submitted,

Vikrant Pawar (VP9101)
30 Vesey Street, 2nd Floor
New York, New York 10007
vik@pawarlaw.com

7